

PM 1589/031688

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DIRECTV, INC.,

        Plaintiff,

-vs-                                Case No. 6:03-cv-1027-Orl-19KRS

DALE MILLER,

        Defendant.

## ORDER

This case comes before the Court on the following:

1. Defendant's Motion for Reconsideration of Summary Judgment. Doc. No. 34.

2. Defendant's Memorandum in Support of Motion for Reconsideration of Summary Judgment. Doc. No. 36.

3. Plaintiff DirecTV's Memorandum in Opposition to Defendant Dale Miller's Second Motion for Summary Judgment. Doc. No. 38.

4. Plaintiff, DirecTV, Inc.'s, Notice of Filing of Affidavit of Bruce Turner in Opposition to Defendant's Motion for Summary Judgment. Doc. No. 40.

### Procedural History

On November 24, 2003, Defendant filed a motion (Doc. No. 34) for reconsideration of the Court's earlier Order (Doc. No. 29) denying his first motion for summary judgment (Doc. No. 21). The Court elected to treat Defendant's motion for reconsideration as a new motion for summary judgment because it raised a new issue and was supported by a new memorandum. Doc. No. 37. The Court gave DirecTV eleven days to file a memorandum in opposition, which it did on December 17, 2003 (Doc. No. 38). On January 5, 2004, the Court issued an Order suspending

consideration of the motion for summary judgment because DirecTV had not submitted admissible evidence in support of its memorandum in opposition. Doc. No. 39. The Court granted DirecTV an additional 20 days to file admissible evidence tending to show that Defendant purchased electronic devices used to pirate DirecTV's satellite broadcasts. *Id.*

On January 26, 2004, DirecTV filed the affidavit of Bruce Turner. Doc. No. 41. According to his affidavit, Mr. Turner was the President of Global Capital Corp., which sold products under the brand name Vector Technologies. *Id.* at ¶ 2. He avers that he was the custodian of the Vector Technologies database which recorded customer transactions. *Id.* He states that certain computer-generated receipts, attached to his affidavit as exhibits, indicate that a Dale Miller of 310 Sabal Park, #102, Longwood, FL 32779 was billed for and shipped a Vector Super Unlooper on two separate dates (March 21, 2001 and March 28, 2001). He further states that these receipts are accurate business records and were generated and maintained as part of the regular course of business. These receipts are identical to the receipts attached to DirecTV's memorandum (Doc. No. 38) in opposition to Defendant's second motion for summary judgment.

### Standard of Review

Summary judgment is authorized "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *accord Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment is appropriate only in circumstances where "the evidence is such that a reasonable jury could [not] return a verdict for the nonmoving party." *Id.* The moving party bears the burden of proving that no genuine issue of material fact exists. *Celotex v. Catrett*, 477 U.S. 317, 323 (1986).

In determining whether the moving party has satisfied the burden, the court considers all inferences drawn from the underlying facts in the light most favorable to the party opposing the motion and resolves all reasonable doubts against the moving party. *Anderson*, 477 U.S. at 255. The court may not weigh conflicting evidence or weigh the credibility of the parties. *See Hairston v. Gainesville Sun Pub. Co.*, 9 F.3d 913, 919 (11th Cir. 1993) (citation omitted). If a reasonable fact finder could draw more than one inference from the facts, and that inference creates an issue of material fact, then a court must not grant summary judgment. *Id.* (citation omitted).

## Legal Analysis

In his first motion for summary judgment (Doc. No. 21), Defendant contended that DirecTV could not prevail as a matter of law because it had no proof that he actually pirated satellite broadcasts, only circumstantial evidence that he purchased illegal pirate access devices. The Court denied this motion (Doc. No. 29), concluding that a reasonable jury could infer satellite piracy from evidence indicating that Defendant acquired illegal piracy hardware.

In his second motion for summary judgment, Defendant contested an issue of fact he had set aside in his first motion, stating that, contrary to DirecTV's repeated assertions, he never bought piracy hardware from Vector Technologies. In support of its allegation that Defendant in fact purchased the hardware in question, DirecTV has now filed the affidavit of Bruce Turner. (Doc. No. 41).

Mr. Turner's affidavit resolves the evidentiary question at the heart of the Court's Order (Doc. No. 39) suspending consideration of Defendant's second motion for summary judgment. The Court ruled then that the receipts attached to Plaintiff's memorandum in opposition to summary judgment purporting to show that Defendant purchased the pirate access devices was

F I L E   C O P Y

Date Printed: 01/28/2004

Notice sent to:

    Dale Miller
    1421 Falconwood Court
    Apopka, FL  32712

    6:03-cv-01027    rdo

    Michael T. Sheridan, Esq.
    Stump, Storey, Callahan, Dietrich & Spears, P.A.
    37 N. Orange Ave., Suite 200
    P.O. Box 3388
    Orlando, FL  32802-3388

    6:03-cv-01027    rdo

    Richard Trapp
    Law Office of Richard Trapp
    2518 Edgewater Dr., Suite 4
    Orlando, FL  32804

    6:03-cv-01027    rdo